UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL MARTINEZ, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.05-2540** |
| **LONE STAR INDUSTRIES, INC., ET AL.** | **SECTION "K" (1)** |

## ORDER

Before the Court is defendants, Lone Star Industries, Inc., Sentry Ins. Co., and Kent Shaw's Motion For Leave Of Court To Amend Notice of Removal. (Rec. Doc. 6). Plaintiffs filed an opposition to defendants' motion to amend. Also before the Court is Plaintiffs' Motion to Remand. (Rec. Doc. 2). There was no opposition filed to the Motion to Remand. Having considered plaintiffs' Petition For Damages, defendants' Notice of Removal, the memoranda, and relevant law, the Court finds as follows.

## BACKGROUND

This matter was originally filed on May 24, 2005 in Civil District Court for the Parish of Orleans. The petition for damages specifically alleged that plaintiffs were domiciled in New Mexico, that Lone Star Industries, Inc., ("Lone Star") was a corporation that owns and operates a cement facility in New Orleans, and that Kent Shaw was a domiciled in Louisiana. Plaintiffs filed suit against Lone Star, its insurer, and Kent Shaw, who was alleged to be the supervisor at

1

Lone Star cement facility.

On June 22, 2005, Lone Star timely filed a Notice of Removal.  (Rec. Doc. 1).  The sole basis for jurisdiction on removal was diversity jurisdiction pursuant to 28 U.S.C. § 1332.   The Notice of Removal alleged that "all defendants whether served or otherwise are diverse in citizenship from that of the plaintiffs, who are citizens of New Mexico."  The defendants never challenged that Kent Shaw is domiciled in Louisiana.  The Notice of Removal did not allege that Kent Shaw was improperly joined as a defendant in this matter.

On July 14, 2005, plaintiffs filed a Motion to Remand on the grounds that this matter was improvidently removed because of the undisputed allegations that defendant, Kent Shaw, was a citizen of Louisiana, and, thus, removal was improper under 28 U.S.C. §1441 (b) because one of the defendants properly joined and served is a citizen in the state in which the action is brought.  Plaintiffs' Motion was noticed for hearing on August 10, 2005.  On July 25, 2005, defendants filed their  Motion to Amend Notice of Removal, the instant motion, approximately 52 days after defendants were served with the lawsuit in Civil District Court.  In the Motion to Amend Notice of Removal, defendants contend that Kent Shaw, local manager of the plant where this accident occurred, was fraudulently joined and cannot be held personally responsible.

The Court must now consider whether it will allow defendants to amend the Notice of Removal (rec. doc. 1) to allege the improper joinder of Kent Shaw.

## **ANALYSIS**

It is undisputed that plaintiffs are citizens of New Mexico, Lone Star is a foreign company domiciled in Delaware, and Kent Shaw is a citizen of Louisiana.  Diversity of citizenship exists between plaintiffs and defendants.  Plaintiffs do not contend that the amount in

controversy exceeds the statutory minimum required for diversity jurisdiction, as alleged in the Notice of Removal. However, a defendant can only remove a case to federal court on the basis of diversity of citizenship, regardless of whether diversity of citizenship actually exists, if none of the defendants are citizens of the state where the action is brought. 28 U.S.C. § 1441(b); *Getty Oil v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir.1998). This is referred to as the "no-local defendant" rule. *Dollar v. Gen. Motors Corp.*, 814 F.Supp.538, 543 (E.D. Tex.1993).

Defendants seeking removal must file a notice of removal in federal court in the district and division where the state action has commenced. 28 U.S.C. §1446(a). The notice of removal must contain a short plain statement of the grounds for removal and must include a copy of all "process, pleadings, and orders" served on the defendants in the state action. *Id*. The notice of removal must be filed within thirty days of the defendant's receipt of the plaintiff's initial complaint or within thirty days after service of summons, whichever period is shorter. 28 U.S.C. § 1446(b). Plaintiffs' lawsuit was filed on May 25, 2005 and defendants timely filed their Notice of Removal on June 22, 2005. Defendants now seek to amend their notice of removal to allege improper joinder, substantially beyond the 30 day period in which to file a Notice of Removal.

"Where a notice of removal fails to state a proper basis for removal, 'a defendant generally will not be permitted to amend the notice after the close of the thirty day removal period.'" *Pacheco v. American Smelting and Refining Co., Inc., Et. al*, (05-CA-142 W.D. Tex), 2005 U.S. Dist. LEXIS 11613. (P's Ex. A)(*citing Whitaker v. Am. Telecasting, Inc*., 261 F.3d 196, 205 (2d Cir. 2001); s*ee also, Wormley v. S. Pac. Transp. Co.*, 863 F.Supp.382, 385 (E.D. Tex. 1994)(defects in the procedural requirements for removal cannot be cured by amendment of

3

the removal petition outside the thirty day time limit of § 1446(b)).  Under certain circumstances, however, a defendant may amend a defective notice of removal after the expiration of this thirty day period.  28 U.S.C. § 1653; *Ellerbee v. Union Zinc., Inc*., 881 F.Supp.162, 164-65 (E.D. Pa. 1995)(allowing amendment to cure a "technical pleading deficiency").  Other circumstances to amend include correcting an imperfect statement of citizenship, stating previously articulated grounds more fully, or correcting the jurisdictional amount.  *See* Wright & Miller, Fed. Prac. & Proc.: Jurisdiction 3d. §3733 at 358.  However, "[c]ompletely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished." *Id*.  Thus, a notice of removal may not be amended to add a missing allegation that a non-diverse party has been improperly joined in order to defeat diversity jurisdiction.  *Kimmet v. Mannesmann Dematic Rapistan Systems Corp*., (00-CA-1247 E.D. Va.), 2000 U.S. Dist. LEXIS 8712(citing *Castle v. Laurel Creek Co.*, 848 F.Supp.62, 66 (S.D.W.Va.1994).

Based on the law and the failure of defendants to provide any legal support for their motion to amend, the Court denies defendants' motion.   Therefore, if defendants' notice of removal cannot be amended, there is no basis for removing the case to federal court.

Accordingly,

**IT IS ORDERED** that defendants' Motion For Leave Of Court To Amend Notice Of Removal (Rec. Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion To Remand (Rec. Doc. 2) is **GRANTED**.

New Orleans, Louisiana, this   16th   day of August, 2005.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**